IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00437-LTB
(Removal from District Court, Denver County, Colorado,
Cases No. 12CR0679, 12CR00154, 11CR0113, 11CR0114, 11C[R]00326)

THE PEOPLE OF THE STATE OF COLORADO,

    Plaintiff,

v.

ALFONSO A. CARRILLO,
GONZALO PEREZ,
GERMAN JASSO BRUNO,
LAURA P. GUTIERREZ VITE, and
JULIO ARREGUIN,

    Defendants.

## ORDER FOR SUMMARY REMAND

Defendants have filed **pro se** a Notice of Removal stating that they are removing to this Court criminal case numbers 12CR0679, 12CR00154, 11CR0113, 11CR0114, 11C[R]00326 from the Denver County, Colorado, District Court. The Court must construe the Notice of Removal liberally because the Defendants are not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the case will be remanded summarily to the state court.

Title 28 U.S.C. § 1446(a) provides that a notice of removal must include "a short and plain statement of the grounds for removal." Defendants allege the following in the Notice of Removal:

Defendants are being denied and injured in their Civil Rights, Liberties and

> Immunities protected under the First, Fourth and Fourteenth Amendments
> of the U.S. Constitution by Plaintiffs acting under "Color of Law" while
> Defendants trying to enforce or benefit from an equal civil rights state law
> and constitutionally valid, Adverse Possession and Quiet Title law and
> statutes pursuant to C.R.S. [COLO.REV.STAT.] § 38-41-103.

(ECF No. 1, at 2 of 7).  Defendants do not provide any factual allegations to support this assertion.

Even construing the Notice of Removal liberally, the Court is unable to ascertain any legitimate basis for removal of this action under the relevant statutes.  Title 28 U.S.C. §§ 1442 and 1443 both authorize the removal of certain criminal prosecutions, but the Defendants do not make any allegations relevant to § 1442, which applies to actions against federal officers or agencies.  Although § 1443 authorizes the removal to federal court of certain civil rights cases, the Court finds that the instant action may not be removed pursuant to § 1443.

The two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997).  "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal."  *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219).  Defendants do not allege facts to demonstrate that they have been denied any rights based on their

race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" ***Johnson***, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)).  The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

***City of Greenwood, Miss., v. Peacock***, 384 U.S. 808, 828 (1966).  This requirement must be supported by specific factual allegations.  ***See generally*** 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985).  Defendants do not provide the Court with specific factual allegations regarding an inability to enforce their constitutional rights in the state court criminal prosecution.  Therefore, removal pursuant to § 1443(1) is not appropriate.

Furthermore, § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." ***City of Greenwood***, 384 U.S. at 824.  None of the Defendants allege that he or she is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Therefore, because it clearly appears on the face of the Notice of Removal that removal of this action should not be permitted, the action will be remanded summarily to

the state court pursuant to 28 U.S.C. § 1446(c)(4).  Accordingly, it is

ORDERED that Case No. 12-cr-00437 is remanded summarily to the Denver County District Court.  It is

FURTHER ORDERED that the clerk of this court shall mail a certified copy of this order to the clerk of the Denver County District Court.

DATED at Denver, Colorado, this 26th  day of October , 2012.

BY THE COURT:


  s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court